## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANTE BURTON, | ) | |
| | ) | CIVIL ACTION NO. 2:17-cv-895 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| WILLIAM SCHAMP et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

This matter is before Magistrate Judge Keith A. Pesto for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636 and Local Civil Rule 72.

On July 5, 2017, Dante Burton ("Plaintiff") filed a motion to proceed *in forma pauperis* ("IFP"), along with a complaint against seven employees of the Pennsylvania Department of Corrections ("Defendants"). (ECF No. 1). In this complaint, Plaintiff alleges that Defendants violated his First Amendment rights by cutting short his allotted time for accessing the prison law library in retaliation for a grievance Plaintiff had filed against corrections officers. (*Id.* at 4–7).

On July 10, 2017, Magistrate Judge Pesto denied Plaintiff's motion to proceed *IFP* and dismissed Plaintiff's complaint for failing to state a claim upon which relief could be granted. (ECF No. 3). On August 7, 2017, Plaintiff filed a notice of appeal and an inmate account statement. (ECF No. 4). On the same day, Magistrate Judge Pesto granted Plaintiff's *IFP* motion. (ECF No. 7). On December 19, 2017, the United States Court of Appeals for the Third Circuit vacated Magistrate Judge Pesto's dismissal of Plaintiff's *IFP* motion, directing the Magistrate Judge to

conduct the appropriate *IFP* analysis. *See Burton v. Schamp*, 707 Fed.Appx. 754, 755 (3d Cir. 2017) (*See also* ECF No. 14 at 3–4).

On January 10, 2018, Magistrate Judge Pesto restated his earlier decision to grant Plaintiff's motion to proceed *IFP* and again dismissed Plaintiff's complaint. (ECF No. 17 at 1). On February 10, 2022, the United States Court of Appeals for the Third Circuit again vacated the dismissal—this time holding that the Magistrate Judges Act requires Magistrate Judges to issue Report and Recommendations ("R&R") to the District Court in plaintiff-only consent cases such as this one. *See Burton v. Schamp*, 25 F.4th 198, 212 (3d Cir. 2022). (*See also* ECF No. 57-1 at 25–26).

On February 28, 2022, Magistrate Judge Pesto filed an R&R recommending that this Court dismiss Plaintiff's complaint for failure to state a claim based on the reasoning the Magistrate Judge laid out in his July 2017 order. (ECF No. 58 at 2). In the R&R, Magistrate Judge Pesto also notified Plaintiff that any written objections to the R&R must be submitted within fourteen days of receiving the R&R. (*Id.* at 2–3) (citing 28 U.S.C. § 636(b)(1)). Given that Plaintiff is an unregistered ECF user, Plaintiff instead had seventeen days to submit objections (making his due date March 17, 2022). On March 15, 2022, Plaintiff timely mailed written objections to Magistrate Judge Pesto's R&R. (ECF No. 60-1).

The Court has reviewed *de novo* Magistrate Judge Pesto's R&R. After *de novo* review of the record and the R&R, the following order is entered:

**AND NOW**, this 30th day of September, 2022, the Court partially adopts the R&R as the opinion of this Court. Specifically, the Court adopts solely the R&R's conclusion that the Defendant failed to state a retaliation claim because the conduct alleged is not sufficient "to deter a person of ordinary firmness from exercising his [constitutional] rights[.]" *Mitchell v. Horn*, 318

F.3d 523, 530 (3d Cir. 2003).[1]  It is **HEREBY ORDERED** that Plaintiff's claim of retaliation against the Defendants is **DISMISSED WITH PREJUDICE**.

**BY THE COURT:**

KIM R. GIBSON

**KIM R. GIBSON**

**UNITED STATES DISTRICT JUDGE**

---

[1] Magistrate Judge Pesto reached and explained this conclusion in his July 10, 2017 order.  (*See* ECF No. 3 at 5–6).  This order informed the Magistrate Judge's recommendation in the R&R.  (*See* ECF No. 58 at 2) ("On the merits, nothing has changed in the state of the law since my original examination of the complaint in July 2017.").